**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALBERT KING, | : | CIVIL ACTION NO. 16-7479 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| JAMES E. MCENTEE, | : |  |
|  | : |  |
| Defendant. | : |  |

**COOPER, District Judge**

  This matter comes before the Court upon Plaintiff Albert King's ("Plaintiff") motion to remand the case to the Superior Court of New Jersey, Middlesex County.  (See dkt. 4.)[1] Plaintiff's motion comes in response to Defendant James E. McEntee ("Defendant") filing a notice to remove this case from the Superior Court of New Jersey to this Court.  (See dkt. 1.) The Court will resolve the motion upon review of the papers and without oral argument.  See L.Civ.R. 78.1(b).  For the following reasons, this Court will grant the motion and remand this action to the Superior Court of New Jersey, Middlesex County.

## BACKGROUND

  Defendant, a resident of New Jersey, and plaintiff, a resident of Florida, are co-owners and shareholders of Monmouth Controls and Instrument Co., Inc., a New Jersey

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt."  Pincites reference ECF pagination.

Corporation.  (Dkt. 1 at 1-2, 4.)  Plaintiff holds the positions of Vice-President and Secretary.  (Id. at 4.)  Defendant holds the positions of President and Treasurer.  (Id.)  Plaintiff and Defendant entered into a Shareholder's Agreement on or about August 20, 2009.  (Id.)[2]  Plaintiff alleges that Defendant breached a non-competition covenant of the August 20, 2009 Shareholder's Agreement when defendant purchased a company similar to one co-owned by Plaintiff and Defendant.  (Id.)

Defendant removed this action pursuant to 28 U.S.C. § 1332(a)(1).  (Dkt. 1 at 1-2.)  Plaintiff moves to remand, arguing that the forum-defendant rule, 28 U.S.C. § 1441(b)(2), bars removal of an otherwise removable case if the action was originally commenced in the state court of a state in which the defendant is a citizen.  (Dkt. 4 at 2.)

## DISCUSSION

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought, if the federal court would have had original jurisdiction.  28 U.S.C. §§ 1441(a), (b).  Federal district courts have original jurisdiction over civil actions that involve a federal question or diversity of citizenship.  28 U.S.C. §§ 1331, 1332.  Federal-question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

---

[2] The Court notes that the Shareholder's Agreement was not submitted to the Court, despite the fact that it is referenced as an exhibit to the Complaint.  (See dkt. 1 at 4; dkt. 3.)  A copy of the Complaint was also not attached to Plaintiff's Motion for Remand as indicated.  (See dkt. 4 at 2.)

Where the federal court's original jurisdiction is based on diversity, 28 U.S.C. §

1441(b) imposes an additional condition known as the "forum-defendant rule." The relevant

statute provides: "A civil action otherwise removable solely on the basis of the jurisdiction

under section § 1331(a) of this title may not be removed if any of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is

brought." 28 U.S.C. 1441(b)(2). This rule provides an additional requirement in diversity

cases based on the purpose of federal diversity jurisdiction. The purpose of federal diversity

jurisdiction is to avoid possible prejudice to an out-of-state defendant. See Swiger v.

Allegheny Energy, Inc., 540 F.3f 179, 189 (3d Cir. 2008). The forum-defendant rule

"recognizes that the rationale for diversity jurisdiction no longer exists when one of the

defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not

eliminated." Hokanson v. Kerr Corp., No. 13-4534, 2014 WL 936804, at *2 (D.N.J. Mar. 10,

2014).

First, Plaintiff argues that there is no basis for federal question jurisdiction that would

give this Court original jurisdiction over this matter. (Dkt. 4 at 3.) Based on a review of the

Complaint, the Court agrees. Defendant does not dispute this argument. Defendant did not

identify a federal question in its notice of removal or its responding letter brief. (See dkt. 1;

dkt. 5.) Rather, Defendant takes issue with the content and form of the Complaint, a subject

more appropriately addressed in a motion to dismiss. Thus, it is clear this Court's

jurisdiction could only be based on diversity.

With respect to diversity jurisdiction, however, the forum-defendant rule bars removal

in this case. Defendant does not dispute the fact that he is a forum defendant, i.e., a citizen of

the State of New Jersey. (See dkt. 1 at 2; dkt. 5.)  This action was originally brought in the State of New Jersey.  (See dkt. 1.)  Defendant's argument pointing out that he is in fact a resident of Somerset County rather than Middlesex County does not change this fact.  (See dkt. 5.)  That argument relates to the correctness of the state court venue, which can be addressed in state court.  See N.J. Ct. R. 4:3-2, 4:4-3.  Plaintiff timely moved for remand. See 28 U.S.C. § 1447(c).[3]  As a result, the Court will remand the action to the Superior Court of New Jersey, Middlesex County for any further proceedings.

---

[3] Removal by a forum defendant in noncompliance with Section 1441(b) does not deprive a federal court of subject matter jurisdiction, therefore under section 1447(c), this defect must be the subject of a motion for remand within 30 days after filing the notice of removal.  See Korea Exch. Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46, 50-51 (3d Cir. 1995).

## CONCLUSION

For the aforementioned reasons, this Court will grant the Plaintiff's motion seeking remand of this action to the Superior Court of New Jersey, Middlesex County. This Court will enter an appropriate order.[4]

November 28, 2016                                     s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

---

[4] Plaintiff does not seek an award for the costs and expenses incurred in opposing the removal of this action.  See 28 U.S.C. § 1447(c).  Whether to award attorneys' fees is a matter of discretion and, "[a]bsent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Conversely, when an objectively reasonable basis exists, fees should be denied. It appears that Defendant's notice of removal, while not meritorious, was reasonable.  See Optec Displays, Inc. v. Am. Maint., Inc., No. 08-1527, 2008 WL 2510633 at *3-4 (D.N.J. June 18, 2008).  Thus, the Court would not award fees in this case, if they were sought.